# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BROWN,** | ) | **CASE NO. 1:19CV1694** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CITY OF EAST CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant City of East Cleveland's Motion to Dismiss. (ECF # 4). For the following reasons, the Court grants Defendant's Motion.

According to his Complaint, on November 5, 2013, Jeffrey Brown was driving his car when he was pulled over by Defendant Police Officer Antonio Malone in front of a store owned and operated by Brown. According to Brown, Malone forced him out of his car at gunpoint and searched Brown. Malone then placed Brown in handcuffs and put him in the back seat of an East Cleveland police cruiser newly arrived on the scene. Malone then searched Brown's business and detained Brown's children Ja-Kayla and Jayden as well as Brown's employee Demetrious Brantley. Brown and Brantley were arrested and transported to East Cleveland Jail.

Malone and Defendant Torris Moore, another East Cleveland Police Officer, then went to Brown's residence and place of business and removed money and valuables. According to Brown, Officers Moore and Malone had no search warrant and there was no probable cause to search Brown's business and residence or to remove money and valuables. Based on the Officers' false testimony, Brown was indicted on multiple offenses, pled guilty to some of the offenses and served six months in prison. Shortly thereafter, Moore and Malone were both indicted and convicted on multiple federal offenses and are presently serving time in prison. Subsequently, Brown's conviction was vacated on April 17, 2017.

Brown's Complaint alleges claims under 42 U.S.C. § 1983 for violations of his Fourth, Fifth and Fourteenth Amendments rights under the United States Constitution. Brown further alleges *Monell* claims against East Cleveland for violations of his Constitutional rights due to East Cleveland's failure to train, supervise its Officers and due to the unlawful policies and practices of the City of East Cleveland.

East Cleveland moves to dismiss Brown's claims because they are subject to the doctrine of *res judicata* and are time barred. According to Defendant, Brown's claims were originally filed in *Brown v. Moore, et al.* 18 CV 192. In that action, on August 22, 2018, the Court dismissed Brown's claims for failure to prosecute due to Brown's failure to appear at a CMC despite being noticed, failure to update his address with the Court, failure to oppose Defendant's Motion to Dismiss and for failure to Object to the Magistrate Judge's Report and Recommendation recommending dismissal without prejudice for failure to prosecute.

Brown subsequently filed a Motion to Reinstate his claims, alleging he changed his

2

address but he failed to submit to the Court any evidence he informed the Court of his address change. The Magistrate Judge recommended and the Court adopted the Report and Recommendation denying Plaintiff's Motion to Reinstate his claims.

Brown refiled his Complaint with the Court on July 24, 2019. Defendant's Motion to Dismiss merely alleges res judicata with absolutely no development or argument. Defendant further contends Brown's claims are barred by the two year statute of limitation under applicable Ohio law. Brown's conviction was overturned on April 17, 2017, but Defendant asserts that Brown's conviction was vacated on December 29, 2016, therefore, according to Defendant, his refiling his time barred.

Brown opposes the Motion to Dismiss contending that res judicata does not apply since the Court never addressed the merits of Plaintiff's original Complaint and the dismissal was expressly without prejudice. Brown further contends his refiling was within the one-year limitation period established for refiling under Ohio's Saving Statute and is therefore, not time barred.

## LAW AND ANALYSIS

### Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

3

face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Res Judicata**

Pursuant to the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted). "For res judicata to apply, the following elements must be present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.,*

4

570 F.3d 775, 776 (6th Cir. 2009).

Here, the Court's dismissal of Brown's original Complaint was expressly "without prejudice." Thus, the Court's dismissal was not a determination on the merits and res judicata does not bar the subsequent pleading. Nor does the Court's denial of Brown's Motion to Reinstate act as a subsequent ruling on the merits. Therefore, Brown's refiled action is not barred by the doctrine of res judicata.

**Time Barred**

City of East Cleveland contends Brown's claims are time-barred as his refiling was more than two years after his conviction was vacated. "Because 42 U.S.C § 1983 does not specify a statute of limitations, courts apply the statute of limitations from the state's general personal injury statute, which in this case is two years for cases filed in Ohio." *McKenzie v. Highland Cty., Ohio Sheriff's Office,* No. 1:18-CV-78, 2018 WL 6437419, at *3 (S.D. Ohio Dec. 7, 2018), report and recommendation adopted sub nom. *McKenzie v. Highland Cty. Sheriff's Office,* No. 1:18-CV-00078-MRB, 2019 WL 1440726 (S.D. Ohio Mar. 31, 2019) citing *Trzebuckowski v. City of Cleveland,* 319 F. 3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1998) ). "Although the limitations period for § 1983 actions is borrowed from state law, federal law governs when the limitations period begins to run." *Stanley v. Malone*, No. 2:07-cv-694, 2009 WL 485491, at *4 (S.D. Ohio Feb. 26, 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ). The statute of limitations begins to run when "the plaintiff knew or should have known of the injury which forms the basis for his or her claim." *Id.* (citing *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984) ). "We have held, however, that in light of the Supreme

Court's ruling in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), '[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever.'" *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir.), cert. denied, 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 412 (1999).

Defendant relies on the docket entry of December 29, 2016, which shows Brown's conviction was vacated. However, the exact same entry was docketed on April 17, 2017. A review of both the Cuyahoga County Court of Common Pleas docket and Eighth District Court of Appeals docket confirms that the December 29, 2016 Order vacating Brown's conviction was itself vacated because Brown had appealed his conviction prior to December 2016 and the Court of Common Pleas was without jurisdiction to vacate the conviction while the appeal was pending. Upon remand, the Court of Common Pleas vacated Brown's conviction on April 17, 2017. Thus, the triggering date is the date Brown's conviction was vacated, to wit, April 17, 2017 not December 29, 2016.

Brown's original Complaint was dismissed on August 22, 2018, therefore, under Ohio law, Brown had until April 2019 to refile his Complaint. Brown did not refile his Complaint until July 24, 2019. Thus, Brown's refiled Complaint was refiled more than two years after the triggering event.

Brown argues that because he refiled less than a year after the dismissal he receives the benefit of Ohio's Savings Statute. "When we use a state's Statute of Limitations, we also use its procedural rules affecting that Statute of Limitations." *Coleman v. Dep't of Rehab. &*

*Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) citing *West v. Conrail,* 481 U.S. 35, 39–40 n. 6, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Thus, this Court must consider Ohio's Savings Statute.

Ohio's Savings Statute is found in O.R.C. § 2305.19 and reads:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, ***and the time limited for the commencement of such action at the date of reversal or failure has expired,*** the plaintiff ... may commence a new action within one year after such date. (Emphasis added).

By its plain terms, the Savings Statute only applies if the original action was dismissed after the limitations period had run. Here, Brown still had nearly eight months to refile within the limitations period. He did not. Because the original dismissal occurred within the limitations period and Brown waited until after it expired to refile, his claims are time-barred. Therefore, the Court grants Defendant's Motion and dismisses Brown's claims against Defendant City of East Cleveland.

IT IS SO ORDERED.

DATED: November 6, 2019           /s/Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge